.W. H. GARY v. R. S. ALLEN and Others.[1]

June 30, 1911.

Nos. 17,110—(177).

**Garnishment — finding sustained by evidence.**

> The controversy being whether certain money paid by the drawee to the collecting bank on a draft payable to the order of the forwarding bank belonged to the creditor who made the draft or to the payee bank, *held*, the evidence was sufficient to sustain the trial court in finding that the money belonged to the creditor and that the bank had no interest in it.

Action in the district court for Blue Earth county against R. S. Allen and George L. Woodard. The First National Bank of Mankato, upon instructions from the drawer, delivered the draft mentioned in the opinion upon receipt of $1,650 from Coughlan, and was garnisheed in this action. After the disclosure of the garnishee, the court ordered that the Waggoner Bank & Trust Company be made a party to the action, and the Trust Company filed its complaint in intervention. The facts are to be found in the opinion. The answer denied the claim of intervener; asserted title in Allen and that intervener was merely an agent for collection; alleged that the claim of the intervener was wrongfully made pursuant to an understanding with Allen, for the purpose of avoiding jurisdiction in the main action. The case was tried before Pfau, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff. From an order denying the motion of intervener to vacate the

---

[1] Reported in 131 N. W. 1012.

115 M.—8.

order for judgment in favor of plaintiff or for a new trial, it appealed. Affirmed.

*Rollo F. Hunt* and *C. E. Phillips,* for appellant.

*H. L. & J. W. Schmitt,* for respondent.

LEWIS, J.

In 1907 R. S. Allen, G. L. Woodard, and P. Paffrath, residents of Texas, held a contract from the American Pastoral Company of Texas for the purchase of a large tract of land in that state, and Allen through his personal agent sold a certain section to one Coughlan, of Mankato, Minnesota, at $4.50 per acre. In 1909 S. Webb, of Texas, succeeded to the interest of Paffrath, and on December 3, 1909, Allen went to the Waggoner Bank & Trust Company, of Fort Worth, Texas, and signed the name of Webb, Woodard & Allen to a sight draft on Coughlan, care of the First National Bank of Mankato, payable to the order of the Waggoner Bank & Trust Company. That bank forwarded the draft for collection to the Mankato bank. There was a dispute over the amount, and $1,650 was paid December 18, 1909, as the result of an adjustment between Allen and Coughlan. The plaintiff, Gary, then garnished the money in the hands of the Mankato bank in an action brought by him against Allen and Woodard. The Fort Worth bank was served with notice and made a party, and it intervened and claimed title to the money. At the trial the plaintiff amended his complaint, and alleged that Allen alone was the owner of the land sold to Coughlan and the owner of the money. The court found that Allen owned the land, that the money paid was his, and that the intervener had no interest therein.

The main question here is whether there is any evidence reasonably tending to support the findings. June 2, 1909, Woodard, Allen and Webb executed a demand note to the intervener for $3,387, and also a note due in six months of $10,248.60; and it was claimed by the intervener that the amount due from Coughlan was turned over to it at that time, with other similar claims, to be applied in payment of these notes. We consider the evidence conflicting, but sufficient to sustain the findings. It clearly appears that the money

represented by the notes was loaned on the strength of Mr. Webb's credit, and not on the security represented by the sale contracts. The arrangement between Allen, Webb and Woodard, as testified to by them, was that all amounts collected on land sales should be paid into the intervener bank and applied on the notes. The intervener had knowledge of this; but it was for the protection of Mr. Webb, and was requested by him. If this "understanding" was the only evidence, it might warrant the inference that the Coughlan claim was intended to be included; but there was no assignment of the debt, and no transfer of the title to the land, and no credit was entered at the time the draft was delivered. There was evidence tending to show that Allen had sold the land to Coughlan for less than the price agreed to by the other owners, and that he was obliged to purchase it from his associates or make good the difference. In his correspondence with Coughlan and his attorney, Allen assumed to be the owner and to have complete control personally. He made terms of settlement, and his letters and conduct warrant the conclusion that he was the owner of the land and the money paid.

The argument of the appellant that it is entitled to hold the money as against the plaintiff, although there was no assignment of the debt at the time the draft was delivered, is based on the claim that it was conclusively proven that the amount, when collected, should be applied on the notes. This is necessarily answered by the finding that the intervener had no interest in the money represented by the draft. If the debt was not included in the arrangement or "understanding" between Allen and the intervener, it was required to account to Allen, and cannot assert title in itself as against the plaintiff, who was Allen's creditor. From this view of the case, the evidence bearing on the question of ownership of the land and its proceeds was properly received.

It is evident that the trial court did not consider the evidence as to the custom of banks in receiving and forwarding drafts for collection, and hence it is not necessary to consider its admissibility.

Affirmed.